**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

GEORGE W. STOKES,

      **Plaintiff,**

    v.

C.O. RONDA DENSON, et al.,

      **Defendants.**

No. 19-cv-20663 (NLH) (SAK)

OPINION

APPEARANCE:

George W. Stokes, 260218
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330
    Plaintiff Pro se

HILLMAN, District Judge

Plaintiff George W. Stokes, presently incarcerated in the Atlantic County Jail in Mays Landing, New Jersey, seeks to bring a complaint pursuant to 42 U.S.C. § 1983. See ECF No. 1.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will permit the complaint to proceed in part.

I.    BACKGROUND

Plaintiff was expecting mail sent from Rakeia Cooper to Plaintiff at the Atlantic County Jail on or about January 25, 2019.  ECF No. 1 at 23.  When the mail did not arrive, Plaintiff mentioned his mail problem at a tier representative meeting. Id.  Warden David Kelsey and Lieutenant Zimmerman assured Plaintiff that no mail policies had changed, but Plaintiff had not received the expected mail by the third week of April.  Id. Ms. Cooper visited Plaintiff at the jail on April 22, 2019 and was given approximately 20 pieces of mail that were purportedly undelivered to Plaintiff because he could not be located.  Id. at 24.  Plaintiff states he did not understand why the mail had not been delivered to him since he had been in the same location for 18 months.  Id.

On April 26, 2019, Plaintiff filed an inmate request form asking "who are 'all' the people who handles outgoing and incoming mail?"  Id.; ECF No. 1-2 at 1.  The response simply said "mail room staff handles the mail."  ECF No. 1-2 at 1. Plaintiff asked Ms. Cooper to resend the mail.  ECF No. 1 at 24. Plaintiff filed an Inmate Resolution Form ("IRF") about the ongoing trouble with his mail on May 6, 2019.  Id.; ECF No. 1-2 at 3.  Plaintiff alleges that he was still not receiving his mail from Ms. Cooper as of June 19, 2019.  Id.

Plaintiff filed another IRF on June 25, 2019, stating "I'm really having issues with receiving my mail.  I was told by my

girlfriend that I couldn't be located.  I have been here for over 15 months."  ECF No. 1-2 at 6.  The response stated that "[i]f we get mail and your [sic] moved we look up locations everyday and put new locations on mail."  Id.  "We deliver mail to each location every day, so if you have mail we will find you."  Id.

Plaintiff continued to have trouble receiving mail throughout late 2019.  On October 16, 2019, mail addressed to Plaintiff was returned to the sender because there was no return address.  ECF No. 1 at 26.  Plaintiff asked Officer Denson, a mail clerk, why the mail had been rejected.  Officer Denson responded the rule book required incoming mail to have a return address, but Plaintiff states the prison rule books do not contain such a requirement.  Id.  Plaintiff alleges Officer Denson was retailing against him for filing grievances about his mail.  Id.  Plaintiff states all attempts to resolve the situation through the internal prison remedies were useless, even after he personally spoke with Lt. Zimmerman about the ongoing issue several times.  Id. at 28.

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon

3

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff asserts Defendants interfered with his mail in violation of the First Amendment; retaliated against him; and failed to intervene in the ongoing constitutional violations.

Plaintiff has failed to state a claim against Warden Kelsey and Tawana Gant.  Plaintiff states Ms. Gant "handles 'all'

4

incoming and outgoing mail" and Warden Kelsey "oversees all functions and operations of the jail." ECF No. 1 at 22. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007) (quoting Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003); C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198, 201 (3d Cir. 2000)).

Plaintiff has made no specific factual allegations against Ms. Gant and only mentions Warden Kelsey once. Plaintiff alleges he spoke with Warden Kelsey at the tier representative meeting in January 2019 at the start of Plaintiff's mail problems. ECF No. 1 at 23. This single instance is insufficient to plausibly infer that Warden Kelsey participated in or approved of the interference with Plaintiff's mail. See Diaz v. Palakovich, 448 F. App'x 211, 215 (3d Cir. 2011). The Court shall dismiss these two defendants without prejudice.

Both prisoners and their correspondents have a First Amendment right to send and receive mail. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). However, "simply because

prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations." Bell v. Wolfish, 441 U.S. 520, 545 (1979). The Constitution permits prisons to restrict prisoners' right to send and receive mail for legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). "[E]ven when an institutional restriction infringes a specific constitutional guarantee, such as the First Amendment, the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." Bell, 441 U.S. at 547.

Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, Plaintiff has stated a claim for interference with his incoming, non-legal mail, retaliation, and failure to intervene. The Court will permit the interference with mail and retaliation claims to proceed against Ms. Denson, as well as the failure to intervene claim against Lt. Zimmerman.

IV. CONCLUSION

For the reasons stated above, the Court will permit the complaint to procced in part. The claims against Warden Kelsey and Ms. Gaunt will be dismissed without prejudice. The interference with mail and retaliation claims may proceed

6

against Ms. Denson, and the failure to intervene claim against

may proceed against Lt. Zimmerman.

An appropriate order follows.


Dated: __April 30, 2021__          ___s/ Noel L. Hillman___
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.