```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

GEORGE W. STOKES,                   No. 19-cv-20663 (NLH) (SAK)

        Plaintiff,

   v.                                         OPINION

C.O. RONDA DENSON, et al.,

        Defendants.

APPEARANCES:

George W. Stokes
C/O Brandy Wood
6044 Hoover Drive
Mays Landing, NJ 08330

   Plaintiff Pro se

James R. Birchmeier, Esq.
Birchmeier & Powell LLC
1891 State Highway 50
PO Box 582
Tuckahoe, NJ 08250-0582

HILLMAN, District Judge

   Plaintiff George W. Stokes is proceeding on a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants Ronda Denson and Lt. Zimmerman interfered with his mail while he was detained in the Atlantic County Justice Facility and retaliated against him after Plaintiff filed grievances.  ECF No. 1.

   Defendants now move to dismiss the complaint under 28 U.S.C. § 1915(g).  ECF No. 17.  For the reasons set forth below, the Court will deny the motion.

1

I.   BACKGROUND

Plaintiff filed his complaint on November 25, 2019.  ECF No. 1.  On December 12, 2019, the Court granted Plaintiff's in forma pauperis ("IFP") application.  ECF No. 4.  The Court reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B) and permitted it to proceed in part on May 3, 2021.  ECF No. 8.  Defendants were served and later filed a motion under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 17.  Plaintiff has not filed any opposition to the motion.

II.  STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d

3

203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

III. DISCUSSION

Defendants argue Plaintiff's complaint must be dismissed under the Prison Litigation Reform Act ("PLRA")'s three-strikes rule, which states that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Defendants assert Plaintiff accumulated strikes in six actions: Stokes v. Aramark Corp., No. 19-20601 (D.N.J. May 25, 2021); Stokes v. Eldred, No. 19-20600 (D.N.J. May 25, 2021); Stokes v. O'Neil, No. 19-21219 (D.N.J. May 25, 2021); Stokes v. Atlantic County Jail, No. 19-21146 (D.N.J. Jan. 14, 2020); Stokes v. Internal Affairs Section, No. 19-20414 (D.N.J. Jan. 15, 2020); and Stokes v. Price, No. 19-14311 (D.N.J. Oct. 20, 2020).

4

"Statutory interpretation begins with the plain language of the statute and when the language is clear, the court 'must enforce it according to its terms.'" Bd. of Trustees of IBT Local 863 Pension Fund v. C&S Wholesale Grocers, Inc., 802 F.3d 534, 542 (3d Cir. 2015) (quoting Jimenez v. Quarterman, 555 U.S. 113, 118 (2009)).  "By its terms, § 1915(g) applies when 'the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal in a court of the United States that was dismissed'" as frivolous, malicious, or for failing to state a claim upon which relief may be granted.  Parker v. Montgomery Cty. Corr. Facility/Bus. Off. Manager, 870 F.3d 144, 152 (3d Cir. 2017) (quoting 28 U.S.C. § 1915(g) (omissions in original)).

Plaintiff is detained in the Atlantic County Jail on pending criminal charges, making him a "prisoner" within the meaning of § 1915.  See 28 U.S.C. § 1915(h) ("As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of . . . violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").  If Plaintiff had at least three cases dismissed for one of § 1915(g)'s enumerated grounds prior to bringing this suit, he would not be permitted to proceed IFP in this action absent a showing of imminent danger of serious physical injury.

5

Section 1915(g)'s reference to "prior occasions" "sets a temporal parameter, referring only to strikes accrued earlier in time than" the present action. Parker, 870 F.3d at 153. Despite the many dismissals, the cases cited by Defendants do not prevent Plaintiff from proceeding IFP in this matter under § 1915(g) because they are not "prior occasions."[1] "[T]he word 'prior' simply means 'earlier in time.'" Id. at 152 (quoting Webster's Ninth New Collegiate Dictionary 936 (9th ed. 1990)). In other words, § 1915(g) "contemplates a prisoner who attempts to bring a suit after having had three prior suits dismissed." Dooley v. Wetzel, 957 F.3d 366, 377 (3d Cir. 2020) (first emphasis added).

"[A] prisoner has 'brought an action' for purposes of the PLRA as soon as he tenders or submits a complaint to the district court." Brown v. Sage, 941 F.3d 655, 661 (3d Cir. 2019). Plaintiff submitted this complaint, thereby bringing this action, on November 25, 2019. ECF No. 1. None of the cases cited by Defendants had been dismissed for one of §

---

[1] The Court makes no findings as to the effect of these dismissals on any future IFP application Plaintiff may file. See Dooley v. Wetzel, 957 F.3d 366, 377 (3d Cir. 2020) (noting § 1915(g) "envisions a determination at the time of the subsequent suit, in which a future district court evaluates whether 'prior' suits 'brought' by the same plaintiff were dismissed on enumerated grounds.").

1915(g)'s enumerated grounds by that time,[2] so Plaintiff had not accumulated any strikes when the Court granted his IFP application on December 17, 2019.  ECF No. 4.

A Court may revoke IFP status at any time if it determines that the status was improperly obtained, see 28 U.S.C. § 1915(e)(2)(A), but Defendants have cited no case law supporting their proposition that a Court may revoke a properly granted IFP application and dismiss a complaint under § 1915(g) based on subsequently accumulated strikes.  "Section 1915(g) governs bringing new actions or filing new appeals — the events that trigger an obligation to pay a docket fee - rather than the disposition of existing cases."  Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996); see also Hatten v. Young, No. 1:10-2660, 2011 WL 1328973, at *1 (M.D. Pa. Feb. 25, 2011), report and recommendation adopted, No. 1:CV-10-2660, 2011 WL 1303302 (M.D. Pa. Apr. 5, 2011) ("Only those strikes earned up until the time a prisoner commences a new action are relevant; courts may not revoke in forma pauperis status if the prisoner later earns a third strike.").  "If Congress had intended [Defendants' desired] result . . . it would not have limited the 'three

---

[2] No. 19-20601 (dismissed May 25, 2021); No. 19-20600 (dismissed with permission to file amended complaint May 25, 2021); No. 19-21219 (dismissed May 25, 2021); No. 19-21146 (dismissed Jan. 14, 2020); No. 19-20414 (dismissed Jan. 15, 2020); and No. 19-14311 (dismissed Oct. 20, 2020).

7

strikes' provision to an inmate's ability to 'bring' an action. Congress could have tied the 'three strikes' bar to an inmate's ability to maintain an action.  It did not do so."  Gibbs v. Ryan, 160 F.3d 160, 163 (3d Cir. 1998) (emphasis in original). Accordingly, the motion to dismiss will be denied.  Defendants will be ordered to file an answer within 14 days.  Fed. R. Civ. P. 12(a)(4)(A).

IV. CONCLUSION

For the reasons stated above, the motion to dismiss will be denied.  Defendants will be ordered to file an answer within 14 days.

An appropriate order follows.


Dated: March 7, 2022                s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.